WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHAROLYNN L. GRIFFITHS, a single woman,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF TUCSON, a municipal corporation of the State of Arizona<br><br>              Defendant. | No. CIV 12-430-TUC-CKJ<br><br>**ORDER** |

Pending before this Court is Defendant's Motion to Dismiss. (Doc. 9). Plaintiff filed a Response on January 14, 2013. (Doc. 14). In it, Plaintiff withdrew one of her claims and pled in the alternative for leave to amend Plaintiff's Complaint if Defendant's Motion is granted. Defendant filed its Reply on February 6, 2013. (Doc. 19).

Although Defendant has requested oral argument, the Court finds this matter appropriate for decision without oral argument. *See* LRCiv. 7.2(f) ; 27A Fed.Proc., L. Ed. § 62:367 ("A district court generally is not required to hold a hearing or oral argument before ruling on a motion."). As such, Defendant's request for oral argument is denied. After reviewing the moving, opposing, and replying papers, for reasons set forth below, the Court grants Defendant's Motion to Dismiss and grants Plaintiff's request for Leave to Amend Complaint.

*Background*[1]

On June 4, 2012, Plaintiff Sharolynn Griffiths filed a complaint containing two counts against her employer, the City of Tucson (the "City"), alleging claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* In Plaintiff's Response to Defendant's Motion to Dismiss she withdrew her claim for retaliation. (Doc. 14).

Plaintiff began work as a law clerk for the City of Tucson Public Defender Office on or about December 17, 2007. In or about August 2009, she was promoted to Assistant Public Defender in that office. Plaintiff alleges that beginning in or about November 2009 through October 2010, an unnamed City Court judge whom she appeared in front of "subjected her to pervasive and egregious sexual harassment on a daily basis, including, without limitation, sexually explicit emails and text messages, verbal comments, and physical conduct." The judge warned the Plaintiff that rejecting his advances would not be good for Plaintiff's career and reminded Plaintiff about his role in her performance evaluations. The Plaintiff did not welcome the judge's conduct, "and made clear that it was unwelcome, but the judge continued his harassment." After the Plaintiff once again rejected the judge's advances, the judge publicly chastised, berated, and humiliated Plaintiff in open court without cause on or about October 14, 2010.

Plaintiff further alleges that upon information and belief the unnamed judge had made similar, inappropriate advances toward other females before he had pursued the Plaintiff. Plaintiff believes the City was aware of these prior incidents but failed to take actions to address the judge's conduct, and that this failure to act demonstrates a ratification of the judge's harassment by the City.

Plaintiff timely filed a Charge of Discrimination with the Arizona Civil Rights Division, which was dual-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC has issued a notice of right to sue to Plaintiff.

---

[1] The background information is principally derived from Plaintiff's Complaint. (Doc. 1). The Court accepts as true the factual allegations set forth in Plaintiff's Complaint for the purposes of resolving these motions.

Plaintiff claims Defendant unlawfully discriminated against her under Title VII by subjecting her to severe or pervasive conduct that was subjectively and objectively offensive and changed the terms and conditions of her employment and created a hostile work environment. The City knew or should have known of the harassment and failed to take prompt and effective action to prevent the conduct. Plaintiff has suffered damages, including, without limitation, pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life as a result of the alleged discrimination.

*Motion to Dismiss*

On December 14, 2012, Defendant filed a Motion to Dismiss alleging Plaintiff failed to state a claim upon which relief may be granted pursuant Fed.R.Civ.P. Rules 8(a) and 12(b)(6). Defendant contends that Plaintiff has failed to allege sufficient facts showing she was subjected to unwelcome verbal or physical conduct because of her sex and that it was severe or pervasive enough that it altered the conditions of her employment and created an abusive work environment. Further, Defendant argues the facts plead do not demonstrate a reason the City knew or should have known of the alleged previous harassment and therefore there are no grounds for vicarious liability upon the Defendant.

*Legal Standard*

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 8(a), Fed. R. Civ. P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Neither do mere assertions devoid of any factual enhancement.  *Id.*  A court does not have to accept as true, legal conclusions unsupported by factual allegations.  *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id* at 678. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

This Court must take as true all allegations of material fact and construe them in the light most favorable to the plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A Complaint that fails to meet the minimum pleading standard is subject to dismissal under Rule 12(b)(6), *Iqbal*, 556 U.S. at 679.

*Sexual Harassment Claim*

Plaintiff alleges that a City Court judge subjected her to sexual harassment pervasive enough to alter the conditions of her employment and create a hostile work environment. Further, she alleges that the City knew or should have known that the City Court judge had previously harassed other female attorneys yet the City failed to take action to address the judge's action prior to his harassment of Plaintiff.

To support a claim for hostile environment under Title VII, the Plaintiff must show that (1) she was subject to verbal or physical conduct because of her sex; (2) the conduct was unwelcome; and (3) the conduct was severe or pervasive enough that it altered the conditions of her employment and created an abusive work environment. *Johnson v. riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (describing hostile work environment under Title VII due to race). In her Complaint

however, Plaintiff simply restates these elements through allegations and supports them with conclusory statements devoid of specific factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1964-5; *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]").  While detailed factual allegations are not necessary to overcome a Motion to Dismiss, statements such as "the City Court judge[] subjected her to pervasive and egregious sexual harassment on a daily basis, including, without limitation, sexually explicit emails and text messages, verbal comments, and physical conduct," are mere assertions and have no factual enhancements.

In her Response to Defendant's Motion to Dismiss, Plaintiff asks this Court to take judicial notice of the facts of *In re Abrams*, 227 Ariz. 248, 257 P.3d 167 (2011). However, an evaluation of those facts to determine if they are sufficient to support Plaintiff's claims is unnecessary because "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201 [of the Federal Rules of Evidence]." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003). "Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice." *Id.* at n. 5. If the same facts in *In re Abrams* also apply to this case, the Plaintiff may independently plead them, but the Court will not take judicial notice.

*The City's Vicarious Liability*

The Plaintiff's Complaint also fails to establish a plausible claim for vicarious liability because Defendant knew or should have known of previous sexual harassment of other females committed by the same City Court judge. To claim the City is vicariously liable for the City Court judge's (a non-management employee) actions, Plaintiff must

1  assert facts showing the City (employer) was negligent, and that the City knew or should
2  have known of the harassment but failed to take action aimed at ending it. *Nichols v.*
3  *Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864, 975 (9th Cir. 2001). To demonstrate
4  that the City knew or should have known of the judge's previous harassment of other
5  females, Plaintiff alleges "[u]pon information and belief, Defendant knew about the
6  judge's inappropriate conduct toward females before the incidents involving Plaintiff
7  came to light, but the Defendant failed to take action to address the behavior and by its
8  own conduct, ratified the judge's harassment." Information and belief is not sufficient for
9  an argument when the opposite of the argument may be believed just as easily. *Twombly*,
10 550 U.S. at 556-57, 127 S. Ct at 1971 ("while the plaintiff 'may believe the defendants
11 conspired…, the defendants' allegedly conspiratorial actions could equally have been
12 prompted by lawful, independent goals which do not constitute a conspiracy").

13       Plaintiff does correctly assert that the Seventh Circuit has recognized that in some
14 instances it may be sufficient to allege facts upon information and belief. *Pirelli*
15 *Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443
16 (7th Cir. 2011). Plaintiff may allege facts in this manner, so long as, "(1) the facts
17 constituting the [wrong] are not accessible to the plaintiff and (2) the plaintiff provides
18 'the grounds for [her] suspicions.'" *Id.* (quoting *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974
19 F.2d 918, 924 (7th Cir. 1992). The plaintiff has shown that she cannot make specific
20 allegations as to the City's knowledge of the judge's prior acts without discovery.
21 However, she does not allege facts providing the grounds for her suspicion that the judge
22 previously sexually harassed other females or that the City knew or should have known
23 about this. Allegations upon information and belief that do not meet both of these
24 requirements are insufficient.

25       Accordingly, IT IS ORDERED:

26   1. Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**.  Count One of the
27      Complaint (Title VII Violation – Sex Harassment) is DISMISSED WITH LEAVE
28      TO AMEND.  Count Two of the Complaint (Title VII Violation – Retaliation is

1 DISMISSED.

2. Plaintiff's request for Leave to Amend Complaint is **GRANTED** as to Count One. Plaintiff shall have thirty (30) days from the date of filing this Order to file an Amended Complaint.

3. All causes of action alleged in the original or amended complaints which are not alleged in any Amended Complaint will be waived. Any Amended Complaint shall be clearly designated as an Amended Complaint on the face of the document.

4. The Clerk of Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Plaintiff, if Plaintiff fails to file an Amended Complaint within thirty (30) days of the filing date of this Order.

Dated this 24th day of May, 2013.

_____
Cindy K. Jorgenson
United States District Judge